IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YUECHUAN SUN, derivatively on behalf of CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III,<br><br>Plaintiff,<br><br>vs.<br><br>VIVEK GARIPALLI, JOSEPH WAGNER, ANDREW TOY, NATHANIEL S. TURNER, LEE SHAPIRO, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, JAMES RYANS,<br><br>Defendants,<br><br>and<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III,<br><br>Nominal Defendant. | C.A. No. 3:21-cv-00311<br>Judge Aleta A. Trauger<br><br>**LEAD CASE** |
| MANTEG LUTHRA, derivatively on behalf of CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III,<br><br>Plaintiff,<br><br>vs.<br><br>VIVEK GARIPALLI, JOSEPH WAGNER, ANDREW TOY, NATHANIEL S. TURNER, LEE SHAPIRO, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, JAMES RYANS, | C.A. No. 3:21-cv-00320<br>Judge Trauger<br><br>**MEMBER CASE** |

Defendants,

and

CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III,

Nominal Defendant.

### JOINT STIPULATION AND ORDER CONSOLIDATING CASES AND APPOINTING CO-LEAD COUNSEL AND LIAISON COUNSEL

Plaintiff Yuechuan Sun ("Sun") and Plaintiff Manteg Luthra ("Luthra") (collectively, "Plaintiffs"), derivatively on behalf of Clover Health Investments, Corp. ("Clover" or the "Company"), and Defendants Vivek Garipalli, Joseph Wagner, Andrew Toy, Nathaniel S. Turner Lee Shapiro, Chamath Palihapitiya, Steven Trieu, Ian Osborne, Jacqueline D. Reses, and James Ryans ("Individual Defendants" and with Clover, "Defendants") (Defendants and Plaintiffs, the "Parties") jointly submit this stipulation ("Stipulation") to consolidate the above-captioned actions ("Actions") and to appoint co-lead counsel and liaison counsel, and in support thereof state as follows:

**WHEREAS,** on April 19, 2021, Sun filed a putative shareholder derivative action styled *Sun v. Garipalli, et al.*, Case No. 3:21-cv-00311 (the "*Sun* Action"), against the Individual Defendants on behalf of the Company alleging breaches of fiduciary duties, unjust enrichment, waste of corporate assets, violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and for contribution under Section 11(f) of the Securities Act of 1933 and Section 21D of the Exchange Act; alleging abuse of control and gross mismanagement against certain of the Individual Defendants; and alleging aiding and abetting breaches of fiduciary duties against certain of the Individual Defendants;

2

**WHEREAS,** on April 21, 2021, Luthra filed a substantially similar putative shareholder derivative action styled *Luthra v. Garipalli, et al.*, Case No. 3:21-cv-00320 (the "*Luthra* Action"), against the same Individual Defendants on behalf of the Company alleging breaches of fiduciary duties and violations of Section 14(a), and alleging aiding and abetting breaches of fiduciary against certain of the Individual Defendants;

**WHEREAS,** the Parties agree that the interests of justice, efficiency and effective case management would best be served by consolidating the *Sun* Action and the *Luthra* Action, appointing co-lead and liaison counsel for Plaintiffs, designating the complaint filed in the *Sun* Action as the operative complaint in the consolidated action, and coordinating Defendants' deadlines to respond to the operative complaint filed in the consolidated action;

**WHEREAS,** in order to realize the efficiencies made possible by consolidation of the Actions, Plaintiffs agree that The Brown Law Firm, P.C. and The Rosen Law Firm, P.A., the respective resumes of which are attached hereto as Exhibits A and B, shall be designated as Co-Lead Counsel representing Plaintiffs in the consolidated action;

**WHEREFORE,** the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. Defendants hereby accept service of the complaints filed in the Actions.

2. Pursuant to Federal Rule of Civil Procedure 42(a), the Actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, and are referred to herein as the "Consolidated Action." This Order shall apply to all shareholder derivative complaints filed on behalf of Clover that are subsequently filed in, removed to, re-assigned to, or transferred to this Court and that arise out of the same or substantially similar transactions or events as the Consolidated Action; all such complaints shall become part of this Consolidated Action as

provided herein.

3. All further pleadings and papers filed in the Consolidated Action shall bear the following caption:

| IN RE CLOVER HEALTH INVESTMENTS CORP. DERIVATIVE LITIGATION | Lead Case No. 3:21-cv-00311 |
|---|---|
| THIS DOCUMENT RELATES TO: | |

4. The files of the Consolidated Action will be maintained under Lead Case No. 3:21-cv-00311. All papers shall be filed in Lead Case No. 3:21-cv-00311.

5. As requested by Plaintiffs, the following law firms are designated Co-Lead Counsel for plaintiffs in the Consolidated Action:

THE BROWN LAW FIRM, P.C.  
240 Townsend Square  
Oyster Bay, NY 11771  
Telephone: (516) 922-5427  

THE ROSEN LAW FIRM, P.A.  
275 Madison Avenue, 40th Floor  
New York, NY 10016  
Telephone: (212) 686-1060  

6. As requested by Plaintiffs, the following attorney is designated as Liaison Counsel for plaintiffs in the Consolidated Action:

WADE B. COWAN, ATTORNEY AT LAW  
P.O. Box 50617  
Nashville, TN 37205  
Telephone: (615) 352-2331  

7. Co-Lead Counsel, in consultation with Liaison Counsel, shall represent plaintiffs in the prosecution of the Consolidated Action, determine and present to the Court and opposing parties the position of plaintiffs on all matters arising during pretrial negotiations, delegate and monitor the work performed by plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the plaintiffs the initiation and conduct of

discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff except through plaintiffs' Co-Lead Counsel or Liaison Counsel.

8. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, in consultation with Liaison Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

9. Plaintiffs' Liaison Counsel shall perform all tasks expected of Tennessee counsel, including (without limitation) being primarily responsible for communications between plaintiffs and the Court and for plaintiffs' filings with the Court.

10. When a derivative case that properly belongs as part of the Consolidated Action is hereafter filed in this Court, or removed, reassigned or transferred here, Co-Lead Counsel shall assist the Court by calling to the attention of the Court the filing or transfer of any such action, and Co-Lead Counsel shall assure that counsel therein receive notice of this Stipulation and Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions instituted herein.

11. All papers and documents previously filed and/or served in the Actions shall be deemed a part of the record in the Consolidated Action. The complaint filed in the *Sun* Action shall be deemed the operative complaint.

12. Within sixty (60) days of the Court so ordering this stipulation, the Parties will submit a proposed scheduling order to the Court. Defendants need not respond to the complaint filed in the *Sun* Action until the date set in the Court's ruling on that proposed schedule.

5

Case 3:21-cv-00320   Document 13   Filed 05/10/21   Page 5 of 7 PageID #: 95

13. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Actions.

**IT IS SO STIPULATED.**

DATE: May 7, 2021

| WADE B. COWAN, ATTORNEY AT LAW | BASS BERRY & SIMS PLC |
|---|---|
| /s/ Wade B. Cowan | /s/ Britt K. Latham |
| Wade B. Cowan (SC#9403) | Britt K. Latham (BPR #023149) |
| P.O. Box 50617 | 150 Third Avenue South, Suite 2800 |
| Nashville, Tennessee | Nashville, TN 37201 |
| Telephone: (615) 352-2331 | Telephone: (615) 742-6200 |
| Email: wcowan@dhhrplc.com | Email: blatham@bassberry.com |
| | |
| *Local Counsel for Plaintiff Yuechuan Sun and Plaintiff Manteg Luthra and [Proposed] Liaison Counsel for Plaintiffs* | MILBANK LLP |
| | Scott A. Edelmam |
| | Jed M. Schwartz |
| | 55 Hudson Yards |
| THE BROWN LAW FIRM, P.C. | New York, NY 10001 |
| Timothy Brown (*pro hac vice*) | Telephone: (212) 530-5000 |
| 240 Townsend Square | Email: sedelman@milbank.com |
| Oyster Bay, NY 11771 | Email: jschwartz@milbank.com |
| Telephone: (516) 922-5427 | |
| Email: tbrown@thebrownlawfirm.net | *Attorneys for Defendants* |
| | |
| *Attorneys for Plaintiff Yuechuan Sun and [Proposed] Co-Lead Counsel for Plaintiffs* | |
| | |
| THE ROSEN LAW FIRM, P.A. | |
| Phillip Kim (*pro hac vice* pending) | |
| 275 Madison Avenue, 40th Floor | |
| New York, NY 10016 | |
| Telephone: (212) 686-1060 | |
| Email: pkim@rosenlegal.com | |
| | |
| *Attorneys for Plaintiff Manteg Luthra and [Proposed] Co-Lead Counsel for Plaintiffs* | |

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

_____
HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT COURT